STATE ex rel. A. G. LEE, Relator and Appellant, v.
STATE LIVESTOCK SANITARY BOARD, Respondent.

No. 10160.

Submitted November 4, 1960. Decided December 2, 1960.
as Amended on Denial of Rehearing December 19, 1960.

357 P.2d 685.

Hugh J. Lemire, Miles City, for appellant.

Robert J. Emmons, Great Falls, for respondent.

MR. JUSTICE ANGSTMAN delivered the Opinion of the Court.

Relator commenced this proceeding under section 93-9002 seeking a writ of review of the action of the respondent Board in issuing Order No. 184 declaring Rosebud County a disease control area for brucellosis and Order No. 184-A declaring the townships of Rosebud County a disease control area for brucellosis.

The affidavit seeking the writ in substance asserts that petitions were circulated in Rosebud County by townships for signatures of owners of cattle; that the county assessor on November 13, 1956, certified that such petitions contained the signatures of not less than 75 percent of the owners of the livestock in the 115 townships enumerated and not less than 50 percent of the species of livestock involved in all the 115 townships enumerated; that the respondent Board acting on such petitions made the orders sought to be reviewed; that the Board in so doing acted in excess of its jurisdiction in that, among other things, the petitions did not include 75 percent or more of the livestock owners of the species of animals to be tested, and represented less than 50 percent of such species as required by section 46-212; that when the livestock was owned by a corporation no resolution by the corporation authorizing the signing of the petition accompanied the petition; that the assessor in certifying the petitions referred to the assessment roll for 1955, instead of the current roll for 1956,

contrary to section 46-213 which, when referring to the assessment roll, had reference to the roll made up under section 84-503 before the first Monday in July in each year, and delivered to the county clerk as required by section 84-505.

Many other allegations are made in relator's application which, if true, show that the respondent Board acted in excess of its jurisdiction in making the orders complained of. The court issued a writ of review directing respondent to certify all papers affecting these questions for review by the court. Respondent Board appeared in the district court and filed a motion to quash which challenged the jurisdiction of the district court over the subject of the action and questioned the sufficiency of relator's affidavit and petition to state facts sufficient to constitute a cause of action. Respondent also filed a return to the writ.

Testimony taken in Cause No. 6486 in the district court of Rosebud County in an action between the same parties (135 Mont. 202, 339 P.2d 487) was stipulated in the record. The court thereupon sustained the motion to quash and dismissed the proceeding with prejudice. The court in its order made reference to the case of State ex rel. Lee v. Montana Livestock Sanitary Board, 135 Mont. 202, 339 P.2d 487, decided May 6, 1959, and said:

"There the Supreme Court of Montana held that the actions of the Board are ministerial in nature and accordingly the Writ herein does not lie. On authority of that case the Motion to Quash should be granted."

It is thus apparent that the trial judge based his ruling on this court's opinion in State ex rel. Lee v. Montana Livestock Sanitary Board, 135 Mont. 202, 339 P.2d 487, supra. In consequence we must now consider the scope of the holding in that case.

The conclusion was reached in that case that prohibition does not lie against a board to restrain ministerial functions even though the statute (section 93-9201) purports to authorize

it. It was expressly ruled that the statute purporting to authorize the writ to restrain ministerial acts is unconstitutional.

Respondent contends that the opinion in that case rules this case. The opinion in State ex rel. Lee v. Montana Livestock Sanitary Board, supra, 135 Mont. 202, 339 P.2d 487, expressly limited and restricted the issue there determined.

In that opinion at page 205 of 135 Mont., at page 489 of 339 P.2d, we said:

"The respondent argues that the writ should lie because the establishment of a disease control area is a judicial act requiring decisions as to the danger of the disease and the species of animals subject to the disease. We think, however, that his arguments in this regard do not apply for the issue is not so broad. Actually, the only issue raised in this case is the validity of the order directed to the respondent requiring him to produce his cattle for testing, and the judicial or ministerial nature of the promulgation of that order presents the question to be decided at this stage of our inquiry."

Here, it is sought under section 93-9002 to review the order establishing the disease control area upon the several grounds above-indicated, all of which go to the question of the jurisdiction of the Board to proceed.

The question of establishing a disease control area involves the determination of questions as to the danger of the disease and the species of animals subject to the disease. It involves the duty of looking into facts, and acting upon them, not in a way which the law directs but after the exercise of discretion and hence the function is quasi-judicial, Mechem on Public Offices and Officers, § 637, cited and quoted from with approval in State ex rel. Lee v. Montana Livestock Sanitary Board, supra, and in Bair v. Struck, 29 Mont. 45, 74 P. 69, 63 L.R.A. 481, and see Throop on Public Officers, §§ 533, 534, and Bishop on Non-Contract Law, §§ 785, 786. For that reason, the writ here sought is a proper remedy to review the Board's action.

■  It is contended by respondent that since the opinion in State ex rel. Lee v. Montana Livestock Sanitary Board, supra, 135 Mont. 202, 339 P.2d 487, held that the Board's "actions" were ministerial, this included all actions of the Board. This cannot be so, where as here, the opinion limited and restricted the issue as it did.

But for another reason the writ of prohibition was proper here.

■  "Prohibition reaches action in excess of jurisdiction as well as action where there is no jurisdiction, and abuse of jurisdiction or power as well as action outside of jurisdiction, although it has been said to be ordinarily employed to restrain an inferior or subordinate tribunal from entertaining a cause or proceeding over which it has no jurisdiction." 73 C.J.S. Prohibition § 11, pp. 36, et seq.

■  Here jurisdiction of the Board to do anything depends upon the receipt of a proper petition. Section 46-212, R.C.M. 1947. It is this petition that gives the Board jurisdiction of the subject matter.

■  A petition was received containing the certificate of the county assessor under section 46-213, but relator challenges the sufficiency of the petition, and that the certificate was based upon the wrong assessment roll as above pointed out. If that challenge be good then defendant Board has no jurisdiction to proceed. It can do no act whether of a quasi-judicial nature or of a ministerial character. Whatever it would do if the petition be subject to the alleged infirmities would be a nullity.

The sufficiency of the petition may be tested by prohibition.

We hold that the court erred in sustaining respondent's motion to quash, and in refusing to hear and determine the controversy on its merits.

The order sustaining the motion to quash is set aside and the cause remanded for consideration on its merits.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR and CASTLES concur.